IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY L. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 1:16-cv-984-MHT-GMB |
| ) | [WO] |
| CITY OF LEVEL PLAINS, ) | |
| ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Johnny L. Williams filed this action on December 20, 2016, asserting claims for race and age discrimination and retaliation. Doc. 1. Before the court is a motion to dismiss filed by Defendant City of Level Plains, Alabama (the "City of Level Plains"). Doc. 10. On April 19, 2017, this matter was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of facts and conclusions of law. Doc. 21. For the reasons that follow, it is the recommendation of the undersigned that the City of Level Plains' motion to dismiss be GRANTED and that this lawsuit be dismissed with prejudice.

**I. JURISDICTION**

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support jurisdiction and venue within the Middle District of Alabama.

## II.  STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the plaintiff's allegations as true and construes the complaint liberally in the plaintiff's favor. *Stovall v. Hancock Bank of Ala.*, 2013 WL 3357851, at *5 (M.D. Ala. July 3, 2013).  Moreover, a district court must favor the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571 (11th Cir. 1990).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint does not state a facially plausible claim for relief if it shows only "a sheer possibility that the defendant has acted unlawfully." *Id.*

While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

Courts also are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Furthermore, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  It is appropriate for a court to grant a motion to dismiss "when it is demonstrated beyond a doubt the plaintiff can prove no set of facts in support of his claim that would entitled him to relief." *Reeves v. DSI Sec. Servs.*, 331 F. App'x 659, 661 (11th Cir. 2009).

### III.  STATEMENT OF FACTS[1]

Williams is a black male. Doc. 1 at ¶ 6.  At the time of the events giving rise to the complaint, he was 54 years old and held the rank of Captain in the City of Level Plains police department. Doc. 1 at ¶ 6.  Williams alleges that he "was the only black officer and the oldest supervising officer in the City of Level Plains police department."[2] Doc. 1 at ¶ 6.

Williams was first hired by the City of Level Plains police department as a Patrol Officer in 2004. Doc. 1 at ¶ 7.  He was promoted to Sergeant within two months, then to Lieutenant in 2006, and finally to Captain in July 2014. Doc. 1 at ¶ 7.  Williams alleges that his pay at the rank of Lieutenant ($11.75 per hour) and at Captain ($12.00 per hour) was less than fifty cents more per hour higher—but still higher—than his pay at the rank of Sergeant, and three to four dollars less per hour than what Lieutenants and Captains were paid by "surrounding police jurisdictions." Doc. 1 at ¶ 7.  Williams does not identify these jurisdictions or what he was paid per hour as a Sergeant with the City of Level Plains.

---

[1] At the motion-to-dismiss stage, the court must take the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).
[2] Williams does not clarify whether this was the case during all or only some portion of his employment with the City of Level Plains. Doc. 1.

3

Nor does he allege that the City of Level Plains paid similarly situated white officers more than him or gave them raises to his exclusion.

Williams complained to Police Chief John C. Mason ("Chief Mason") and Mayor C. Bruce Graham ("Mayor Graham") "that it was race and age discrimination for Level Plains not to raise his pay." Doc. 1 at ¶ 7. He also complained to Chief Mason and Mayor Graham that younger white officers "were given more favorable duty shifts than he was." Doc. 1 at ¶ 7. Williams does not identify these younger white officers or articulate how their duty shifts were more favorable than his.

After Williams complained about discrimination with respect to his pay, his hours were reduced and he was disciplined for "alleged offenses he did not commit." Doc. 1 at ¶ 8. Williams does not provide any details about his reduced work hours or the offenses for which he was disciplined. On December 22, 2015, Chief Mason demoted Williams from Captain to Sergeant based upon a "pattern of poor job performance." Doc. 1 at ¶ 8. Williams claims that his demotion was "tantamount to a constructive discharge" and that he resigned "rather than go back to Sergeant's pay and Sergeant's duties with no real hope of ever returning to his higher rank." Doc. 1 at ¶ 9. Although the complaint does not specifically identify Williams' last day of employment with the City of Level Plains, the court concludes for purposes of resolving the motion to dismiss, that his employment ended on December 22, 2015, the date of his demotion or, as alleged in the complaint, the date of his constructive discharge. Doc. 1 at ¶ 9.

Williams contends that he was demoted in an effort to render his "complaints of race and age discrimination in his pay and work schedule irrelevant or moot." Doc. 1 at

4

¶ 9. He further alleges that the reason given for his demotion—a pattern of poor job performance—was "false and a pretext for race and age discrimination." Doc. 1 at ¶ 10.

On February 16, 2016, Williams filed a charge of discrimination against the City of Level Plains with the Equal Employment Opportunity Commission ("EEOC").[3] Docs. 1 at ¶ 2 & 11-1. On the charge form, Williams checked the boxes for discrimination based on race and age but not retaliation. Doc. 11-1. The entirety of Williams' charge reads as follows:

> I am a Black male age 55. I was hired on November 17, 2004, as a Police Officer. I was disciplined, demoted from Captain to Sergeant in July 2015[4]

---

[3] Williams did not attach his charge of discrimination as an exhibit to his complaint. Doc. 1. Instead, his charge is before the court as an exhibit to the City of Level Plains' motion to dismiss. Doc. 11-1. Generally, if a district court considers matters outside the pleadings when resolving a motion to dismiss, the motion must be converted into one for summary judgment. *See, e.g.*, *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). However, because Williams references his charge in the complaint, and because this document is central to his discrimination and retaliation claims and the parties do not dispute its authenticity, the court may consider it at this stage of the proceedings without converting the City of Level Plains' motion to dismiss into one for summary judgment. *See, e.g.*, *Barclay v. First Nat'l Bank of Talladega*, 2014 WL 5473829, at *2 n.1 (N.D. Ala. Oct. 28, 2014); *Stovall v. Hancock Bank of Ala., Inc.*, 2013 WL 3357851, at *1 n.3 (M.D. Ala. July 3, 2013).

[4] Some confusion exists over the date of Williams' demotion and whether he is claiming that he resigned or was discharged. Docs. 1, 11 & 17. With respect to the date of Williams' demotion, his charge of discrimination states that he was demoted in July 2015, but his complaint alleges that he was demoted on December 22, 2015, the same day he claims to have been constructively discharged. *Compare* Doc. 11-1, *with* Doc. 1 at ¶ 8. The City of Level Plains points to the July 2015 demotion date in Williams' charge as evidence that he did not timely exhaust a discriminatory or retaliatory demotion claim because, even if the court were to assume that Williams was demoted on the last day of July 2015, his charge was still filed more than 180 days after that date. Doc. 11-1; *see* 42 U.S.C. § 2000e-5(e)(1) (providing that, for a charge of discrimination to be timely in a non-deferral state like Alabama, it must be filed within 180 days of the last discriminatory act). Williams contends that the discrepancy in the date of his demotion is the result of a typographical error made by the individual at the EEOC who drafted his charge (Williams was not represented by counsel when he filed his charge). Doc. 17. The court has already acknowledged that, at this stage of the proceedings, it must take the allegations in the complaint as true and construe them in the light most favorable to Williams. Moreover, when addressing whether a claim is timely exhausted where there are discrepancies in the alleged dates of discrimination between an administrative charge and a judicial complaint, courts have found that, at the pleading stage, "if there is a doubt as to whether a claim is timely exhausted due to differences in the alleged dates of discrimination between the EEOC charge and the complaint, the court should liberally construe the complaint in the plaintiff's favor." *Albu v. TBI Airport Mgmt.*, 2016 WL 3679987, at *4 (N.D. Ga. July 12, 2016) (citing *Bass v. Univ. of Ark. at Pine Bluff*, 2014 WL 4630459, at *10 (E.D. Ark. Sept. 16, 2014); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 640–41 (7th Cir. 2004); *Berry v. Cal. Dep't of Indus. Relations*, 2010 WL 4339509, at *1 (N.D. Cal. Oct.

> and discharged on December 22, 2015 by Chief Mason (White).
>
> I have always performed well and never had any issues at work.
>
> I have been discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

Doc. 11-1. Williams alleges in the complaint that the EEOC issued a notice of dismissal and right to sue on September 20, 2016, but he does not state when he received this notice.[5] Doc. 1 at ¶ 3.

Williams filed his complaint in this court on December 20, 2016, asserting two causes of action against the City of Level Plains. Doc. 1. The first cause of action alleges race discrimination with respect to Williams' pay and other conditions of employment and retaliation after he complained about race discrimination in violation of Title VII of the

---

27, 2010)). In light of this guidance, the court concludes for present purposes that Williams was demoted on December 22, 2015, as alleged in his complaint, rather than sometime in July 2015, as alleged in his charge.

With respect to the second issue—whether Williams resigned or was discharged—his charge states that he was discharged by Chief Mason. Doc. 11-1. While the complaint alleges that Williams "justifiably resigned" following his demotion, it also makes clear that Williams is equating his resignation to a constructive discharge. Doc. 1 at ¶ 9 (stating that Williams "justifiably resigned rather than go back to Sergeant's pay and Sergeant's duties"). Thus, when considering those allegations collectively and in the light most favorable to Williams, the court concludes that Williams is alleging that he was discharged from his employment with the City of Level Plains.

[5] If the EEOC dismisses a charge of discrimination or otherwise terminates the proceedings, the agency must send the plaintiff notice of that decision, and once the plaintiff receives that notice, he must file a civil action within 90 days. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). Dismissal is appropriate if the plaintiff fails to file a lawsuit within 90 days of receiving a right-to-sue letter. *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (per curiam). Here, Williams alleges that the EEOC issued a notice of dismissal and right to sue on September 20, 2016, and that he filed his lawsuit on December 20, 2016, within 90 days of his receipt of that notice, but he does not allege the specific day he received the notice. Doc. 1 at ¶ 3. For purposes of resolving the instant motion to dismiss, the court accepts these allegations in the complaint as true. Moreover, the parties do not dispute that Williams' lawsuit was timely filed and there is nothing before the court to suggest otherwise. The better course of action would have been for Williams to submit both his charge and the dismissal notice with his complaint to establish definitively that his charge and lawsuit were timely filed. Even so, if the court were to assume that Williams received the dismissal notice as soon as the day after it was issued—September 21, 2016—that would have made December 20, 2016, the day he filed his complaint, his deadline to file suit.

Civil Rights Act of 1964 ("Title VII"). Doc. 1 at ¶¶ 11–15. Williams seeks punitive damages,[6] among other types of relief, for this claim. Doc. 1. The second cause of action alleges age discrimination with respect to Williams' pay and other conditions of employment and retaliation after he complained about age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"). Doc. 1 at ¶¶ 16–19. The City of Level Plains has moved to dismiss all of Williams' claims. Doc. 10.

## IV. DISCUSSION

The City of Level Plains' motion provides two specific grounds for dismissal of Williams' claims: (1) failure to exhaust administrative remedies; and (2) failure to state a claim upon which relief can be granted. Docs. 10 & 11. For the reasons that follow, the court finds that Williams' claims fail as a matter of law, and therefore the City of Level Plains' motion is due to be granted.

**A.   Failure to Exhaust Administrative Remedies**

Before a plaintiff can litigate a claim for discrimination or retaliation under Title VII or the ADEA, he must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC within 180 days of the last act of discriminatory treatment. *See, e.g.*, *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 835 (11th Cir. 2007) (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001)); 42 U.S.C. § 2000e-5(e)(1). After a plaintiff files a charge of discrimination, the

---

[6] Because the undersigned recommends that Williams' lawsuit be dismissed in its entirety, the court has not addressed the City of Level Plains' motion to dismiss Williams' claim for punitive damages for his Title VII claim—even though this motion, which is uncontested, would have been well taken. Docs. 11 & 17.

7

EEOC investigates the claims and, in certain instances, issues a notice of dismissal and right to sue. *See* 42 U.S.C. § 2000e-5(f)(1); *Barclay v. First Nat. Bank of Talladega*, 2014 WL 5473829, at *6 (N.D. Ala. Oct. 28, 2014). A plaintiff must then file his judicial complaint within 90 days of receiving a right-to-sue letter from the EEOC. *Barclay*, 2014 WL 5473829, at *6 (citing 42 U.S.C. § 2000e-5(f)(1)).

Generally, "[a] plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970)). "[A]llegations of new acts of discrimination are inappropriate." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279–80 (11th Cir. 2004). However, judicial claims may be allowed "if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint." *Id.* at 1279 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989) (citation omitted)). "The proper inquiry is whether the complaint is like or related to, or grew out of, the allegations contained in the relevant charge." *Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014) (citing *Gregory*, 355 F.3d at 1280).

The City of Level Plains contends that Williams' complaint should be dismissed because the claims alleged therein, and the factual allegations to support them, were not included in his EEOC charge and, as a result, were not properly exhausted. Doc. 11. In particular, the City of Level Plains challenges the inclusion of two claims in Williams' complaint for race and age discrimination with respect to his pay (Doc. 1 at ¶¶ 11–15) and race and age discrimination with respect to "other conditions of employment," namely, his

8

duty assignments (Doc. 1 at ¶¶ 16–19).  The court agrees with the defendant that these specific claims were not properly exhausted before the EEOC and, therefore, cannot proceed in this lawsuit.

The Title VII and ADEA discrimination claims alleged in Williams' complaint are explicitly premised on disparate pay and disparate treatment based on his race and age. Indeed, Count I of Williams' complaint alleges that the City of Level Plains violated his "rights under Title VII by engaging in race discrimination regarding Plaintiff's pay and other conditions of employment," while Count II of Williams' complaint alleges that the City violated "his rights under the ADEA by engaging in age discrimination regarding Plaintiff's pay and other conditions of employment." Doc. 1 at ¶¶ 12 & 17.  The vast majority of the factual allegations in the complaint support only those two claims as well. For example, Williams alleges that (1) despite his promotions, his pay at the rank of Lieutenant and Captain "was less than fifty cents an hour higher than Sergeant's pay at Level Plains, and some three to four dollars less per hour than Lieutenants and Captains were making in surrounding police jurisdictions;" (2) he complained to Chief Mason and Mayor Graham "that it was race and age discrimination for Level Plains not to raise his pay;" (3) he complained to Chief Mason and Mayor Graham "that younger white officers were given more favorable duty shifts than he was"; and (4) his demotion was intended to render his "complaints of race and age discrimination in his pay and work schedule irrelevant or moot." Doc. 1 at ¶¶ 7–9.

Williams' charge of discrimination, however, does not contain allegations of discrimination based on his pay or other conditions of his employment like his duty shifts.

9

The charge does not allege that the City of Level Plains paid similarly situated officers outside Williams' protected class more or that those officers were given raises when he was not. Doc. 11-1.  Nor does the charge allege that the City of Level Plains assigned Williams less favorable duty shifts than similarly situated officers outside his protected class. Doc. 11-1.  In fact, there is no mention whatsoever of disparate pay or disparate treatment in Williams' charge.  Rather, with respect to discriminatory conduct, the charge alleges only that the City of Level Plains disciplined, demoted, and ultimately discharged Williams because of his race (black) and age (55). Doc. 11-1.  There are virtually no other allegations in the charge to color Williams' claims.  Thus, the court is unable to conclude that the allegations in Williams' charge would have triggered an investigation by the EEOC into the City of Level Plains' practices and procedures with respect to pay or the assignment of duty shifts, or to envision how such an investigation would have reasonably grown out of the threadbare allegations in Williams' charge. *See Ezekiel v. Tift Cnty. Sch. Dist.*, 2010 WL 431977 (M.D. Ga. Feb. 1, 2010) ("To hold that a disparate pay claim grows out of a failure to promote claim would be to determine that the simple act of raising one kind of discrimination claim with the EEOC would allow plaintiffs to file all manner of discrimination claims, no matter how remote they may be factually from the initial claim, in the district court.  This is not acceptable."); *Mulhall*, 19 F.3d at 589 n.8 ("A claim of unequal pay is not the equivalent of a claim alleging a failure to promote. . . Accordingly, plaintiff's promotion claims were correctly barred.").[7]

---

[7] In his response brief, Williams attempts to supplement the allegations in his charge and, in turn, his complaint by "incorporating by reference" an almost unintelligible position statement he claims to have

Williams' claims for race and age discrimination, as alleged in the complaint, are premised entirely on allegations that the City of Level Plains engaged in race and age discrimination by not raising his pay and by not assigning him preferential duty shifts. However, as explained above, Williams' complaints about discrimination with respect to his pay and working conditions are allegations of new discrimination that were not exhausted with the EEOC and, thus, cannot be considered by the court. For these reasons, the undersigned RECOMMENDS that Williams' Title VII and ADEA discrimination claims—which are premised entirely on disparate pay and disparate treatment allegations—be DISMISSED.[8] *See Thomas v. Miami Dade Pub. Health Trust*, 369 F.

---

submitted to the EEOC and a position statement the City of Level Plains submitted to the EEOC. Docs. 17, 17-1 & 17-2. The court will not consider those documents for a number of reasons. First, with respect to Williams' position statement, the document was not attached to the complaint, and it is well settled that a plaintiff cannot introduce new factual allegations through a response brief. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); *Perez v. Wells Fargo Bank, Nat. Assoc., Inc.*, 2015 WL 13066079, at *7 (N.D. Ga. Mar. 31, 2015). Moreover, the City of Level Plains disputes the authenticity of Williams' position statement, and there is nothing before the court verifying that this document was submitted to the EEOC or when, and whether its averments were made under oath. Indeed, the statement does not contain an identifying charge number, there is no stamp indicating its receipt by the EEOC, and although Williams' name is typed at the bottom, there is no handwritten signature or notarization. With respect to the City of Level Plains' position statement, a defendant's position statement, submitted after a plaintiff files a charge of discrimination, has no bearing on whether a plaintiff exhausted his claims before the EEOC, and Williams has not provided the court with authority suggesting that a plaintiff can rely on a defendant's position statement to the EEOC to supplement the deficiencies in his previously filed charge. *See* Doc. 17. For these reasons, the court will not consider Exhibits A and B to Williams' response in opposition to the City of Level Plains' motion to dismiss.

[8] Even if the court found that Williams administratively exhausted his Title VII and ADEA discrimination claims, the undersigned would have still recommended that those claims be dismissed because they fail to state plausible claims for relief. To establish a disparate pay claim, a plaintiff must show that he occupies a position similar to that of a higher paid employee who is not a member of his protected class. *Lawson v. ST Bunn Constr., Co.*, 2014 WL 4258115, at *5 (N.D. Ala. Aug. 27, 2014). Williams' complaint does not allege that similarly situated officers outside his protected class were paid more or were given raises when he was not. In fact, Williams' complaint alleges that he was paid *more* at the higher rank of Captain than at the lower rank of Sergeant, just not as much more as he would have liked and not as much more as Lieutenants and Captains were paid in surrounding police jurisdictions. Doc. 1. Allegations that you are not paid as much as you would like by your employer or as much as others are paid by their employer do not state plausible claims for disparate pay in the absence of plausible allegations establishing some level

App'x 19, 22 (11th Cir. 2010) (holding that distinct theories underlying a Title VII and, by extension, an ADEA claim must first be brought in an EEOC charge).

However, the court reaches a different conclusion with respect to Williams' retaliation claims.  As the City of Level Plains notes, Williams did not check the box for retaliation on his charge form, and the only mention of retaliation in his charge is in the following boilerplate language: "I have been discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended." Doc. 11-1.  The charge also fails to mention that his work hours were reduced and that he was disciplined for offenses he did not commit after he complained about discrimination. Doc. 11-1.

Still, Williams' charge alleges that he was disciplined, demoted, and ultimately discharged and that he has been the victim of retaliation.  The court finds that although reduced work hours and discipline were not mentioned in the charge, the EEOC's investigation into Williams' retaliation claims could have reasonably led to the discovery and meaningful investigation of his allegations about reduced work hours and discipline following his complaints of race and age discrimination.  Put differently, the retaliation

---

of discriminatory intent on the part of the City of Level Plains with respect to Williams' pay. *See Trask v. Sec., Dep't of Veterans Affairs*, 822 F.3d 1179, 1191 (11th Cir. 2016) ("Employment discrimination claims all require proof of discriminatory intent.").

   The same can be said with respect to Williams' Title VII and ADEA disparate treatment claims. To establish a claim of disparate treatment, a plaintiff must show that he was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class. *Wilson v. B/E Aero., Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). Although Williams alleges in the complaint that he complained to Chief Mason and Mayor Graham that "younger white officers were given more favorable duty shifts than he was," he does not identify these younger white officers, how they are similarly situated to him, how their duty shifts were more favorable than his, or how the assignment of less favorable duty shifts was connected in any way to his race or age. Doc. 1. Like Williams' allegations with respect to disparate pay, the allegations in the complaint supporting a disparate treatment claim fall well short of establishing a plausible claim for relief in that they do not raise Williams' right to relief above a wholly speculative level. *See Twombly*, 550 U.S. at 555.

12

claims in Williams' complaint related to, or could have reasonably grown out of, the allegations contained in his charge. Therefore, the undersigned RECOMMENDS that the City of Level Plains' motion to dismiss Williams' Title VII and ADEA retaliation claims for failure to exhaust be DENIED.

**B.     Failure to State an Actionable Claim**

Following the dismissal of Williams' unexhausted claims, the only remaining claims before the court are for retaliation in violation of Title VII and the ADEA. Title VII prohibits discrimination based on race in the employment content. Such discrimination can include retaliation against an employee for opposing discriminatory employment practices. 42 U.S.C. § 2000e-3(a); *see, e.g., Litman v. Mabus*, 2014 WL 5428643, at *3 (M.D. Ga. Oct. 22, 2014). The ADEA prohibits discrimination based on age in the employment context and prohibits retaliation as well. 29 U.S.C. § 623(d). The elements of a *prima facie* case for a retaliation claim are the same under Title VII and the ADEA. *See Weeks v. Harden Mfg. Co.*, 291 F.3d 1307, 1311 (11th Cir. 2002). To prevail on a Title VII or ADEA retaliation claim, a plaintiff must show (1) engagement in a statutorily protected activity, such as formally or informally opposing an unlawful employment practice; (2) suffering from a materially adverse action during or after protected activity; and (3) a causal connection between the protected activity and materially adverse action. *Litman*, 2014 WL 5428634, at *3 (citing *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993)).

Even assuming, without deciding, that Williams' discipline, demotion, and discharge were materially adverse employment actions, he has failed to allege a causal

13

connection between those activities and his protected activity—complaining of race and age discrimination.  Absent more direct evidence of causation, for purposes of a retaliation claim a plaintiff may demonstrate that his protected activity and an adverse employment action are not wholly unrelated by showing that (1) the decisionmaker was aware of the protected conduct and that (2) there was a close temporal proximity between the timing of this awareness and the adverse action. *McArthur v. Northstar Funeral Serv. of Fla.*, 2011 WL 1549007, at *5 (S.D. Fla. Apr. 22, 2011).  Here, Williams does not clearly identify a decisionmaker, as he generically alleges that "Defendant"—that is, the City of Level Plains—takes action against him. *E.g.*, Doc. 1 at ¶ 9.  He does, however, allege elsewhere that Chief Mason demoted him and, ultimately, constructively discharged him. Doc. 1 at ¶ 8.  Construing this allegation as an identification of Chief Mason as the decisionmaker, Williams has not alleged when Chief Mason became aware of his complaints.  In fact, nowhere does Williams allege the timing of his complaints of race and age discrimination such that his complaint could demonstrate the proximity in time between his protected activity and any adverse employment action.  Indeed, the complaint does not allege when Williams' work hours were reduced or when he was disciplined.  Even assuming that Williams did not make these complaints until he was promoted to Captain in July 2014, he was not demoted and discharged until December 22, 2015, almost a year and a half later.  It would be pure speculation to fix where along that continuum the complaints and alleged retaliation occurred.  These allegations do not demonstrate a causal connection between Williams' complaints of race and age discrimination and any materially adverse employment action.  Thus, the undersigned RECOMMENDS that Williams' Title VII and

ADEA retaliation claims be DISMISSED. *See Bowens-Thomas v. Ala. Coop. Ext. Sys.*, 2016 WL 8193625, at *3 (M.D. Ala. Nov. 9, 2016) ("[B]ecause there is no allegation respecting when Plaintiff complained to her boss, Plaintiff . . . fails to allege facts sufficient to suggest a close temporal proximity between the protected activity and adverse action."); *Dubose v. SYSCO Corp.*, 2011 WL 1004675, at *2 (N.D. Ga. Mar. 18, 2011) (holding that a complaint alleging a seven-month interval between protected activity and an adverse employment decision was insufficient, without more, to support a claim for retaliation).

C. **Request to Amend**

Finally, in Williams' brief in response to the City of Level Plains' motion to dismiss, he requests leave to amend his claims should the court find that they were insufficiently plead. Doc. 17. The court denies this request. "It has long been established in this Circuit that a district court does not abuse its discretion by denying a general and cursory request for leave to amend contained in an opposition brief." *Davidson v. Maraj*, 609 F. App'x 994, 1002 (11th Cir. 2015) (per curiam). Williams' request for leave to amend does not comply with the Federal Rules of Civil Procedure or the court's Local Rules. It also does not articulate a basis for granting leave to amend or demonstrate that a more carefully drafted complaint would repair his deficient claims. Thus, Williams' perfunctory request for leave to amend embedded in his response brief is insufficient as a matter of law and is DENIED. *See Shepard v. Wilson*, 2015 WL 9685562, at *7 (S.D. Ala. Dec. 22, 2015), *report and recommendation adopted by* 2016 WL 110509 (S.D. Ala. Jan. 8, 2016), *aff'd*, 663 F. App'x 813 (11th Cir. 2016).

## V. CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the undersigned United States Magistrate Judge that Defendant City of Level Plains, Alabama's motion to dismiss (Doc. 10) be GRANTED and that Plaintiff Johnny L. Williams' complaint be DISMISSED WITH PREJUDICE.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation no later than **August 2, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 19th day of July, 2017.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE